## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:05-cr-440-JR |
| | : | |
| v. | : | |
| | : | |
| KEVIN L. ELLIS, | : | |
| Defendant | : | |

Government's Notice And Motion To Permit Use Of Other
Crimes Evidence

The United States of America, by and through the United States Attorney for the District of Columbia, hereby gives notice and moves the Court to permit use by the government of evidence of other crimes committed by the defendant, pursuant to rule 404(b) of the Federal Rules of Evidence. Specifically, the government seeks to offer evidence in its case in chief of three earlier incidents in which the defendant engaged in narcotics trafficking activity. The earliest of the three incidents, occurring on November 18, 1998, involved the defendant selling marijuana and possessing marijuana with the intent to distribute.[1] In the second incident, occurring on March 2, 1999, the defendant facilitated the sale of marijuana by another

---

[1]This incident resulted in the defendant's conviction, on August 9, 1999, in District of Columbia Superior Court, of possession with intent to distribute marijuana. (United States of America v. Kevin Ellis, 1998-CMD-16769 (D.C. Super. Ct.)).

individual.[2]  In the third incident, which occurred on March 9, 2004, the defendant sold crack cocaine.[3]

Background

The Defendant's Current Charges

Defendant Kevin L. Ellis has been charged in a two-count indictment with possession with intent to distribute more than 50 grams of cocaine base, also known as crack, and possession with intent to distribute marijuana.  The indictment alleges that the offenses occurred on or about November 12, 2005.  He has pled not guilty.

The charges are based on the seizure by Metropolitan Police Department officers of 55 grams of crack cocaine and 126.7 grams of marijuana from apartment C-13 of 1705 Benning Road, S.E., Washington, D.C., on November 12, 2005, at approximately 9:30 p.m.  Police officers had responded to the apartment shortly after a person, who did not give a name, called 911 to report that a "friend" was selling drugs out of the apartment.  When the police arrived, they were let inside by a resident who led them

---

[2]This incident resulted in the defendant's arrest on March 2, 1999.  The government elected to no-paper the case the next day.  (United States of America v. Kevin Ellis, 1999-CMD-2420 (D.C. Super. Ct.)).

[3]This incident resulted in the defendant's indictment by a D.C. Superior Court grand jury, on March 17, 2004, on one count of distribution of cocaine in a school zone.  The indictment in that case was subsequently dismissed on April 6, 2004.  (United Stats of America v. Kevin Ellis, 2004-FEL-1582 (D.C. Super. Ct.)).

to the rear bedroom, where the defendant was seated asleep in a chair.  The marijuana was found inside a clear ziplock bag on the floor at the defendant's feet.  The crack cocaine, contained in two clear ziplock bags, was found a few minutes later inside a dresser drawer in the same bedroom.

The 1998 Incident Involving Marijuana

On November 18, 1998, MPD officers were conducting a "buy-bust" operation in the 1500 block of Holbrook Street, N.E. Washington, D.C.  At approximately 5:10 p.m., an undercover officer engaged the defendant in a face-to-face conversation about purchasing marijuana.  The defendant indicated he would sell the officer marijuana, and then proceeded to enter an apartment building at 1516 Holbrook Street, N.E.  After a few minutes, he returned and presented the undercover officer a single, small blue ziplock bag of marijuana in exchange for $20 from the officer.

The undercover officer left the area and then broadcast a lookout to an arrest team.  As a team of officers moved in to arrest the defendant, he threw to the ground four more small, blue ziplock bags of marijuana.

The 1999 Incident Involving Marijuana

On March 2, 1999, MPD officers were again conducting a buy-bust operation in the 1500 block of Holbrook Street.  At approximately 7:30 p.m., an undercover officer drove onto the

block in an unmarked vehicle, stopped, and proceeded to talk to the defendant, who was standing nearby, about purchasing marijuana. The defendant instructed the officer to park and get out of the vehicle. The officer complied, following which the defendant asked the officer if he was with the police. The officer replied he was not, at which point the defendant instructed another person, who was standing close by, that it was okay to sell to the undercover officer.

The second person then reached into his jacket pocket and removed two small ziplocks of marijuana, which he then handed to the undercover officer, who in exchange handed this person $20.

<u>The 2004 Incident Involving Crack Cocaine</u>

In the March 9, 2004 incident, MPD officers were conducting a buy-bust operation in the 1200 block of Simms Place, N.E., Washington, D.C. At approximately 7:10 p.m., an undercover officer in an unmarked vehicle drove into the block, stopped, and said, "What's up?", to a number of individuals standing nearby. One of these individuals, the defendant, told the officer to pull the vehicle over. The officer pulled over and got out of his vehicle. He then began speaking directly to the defendant, and asked him if he could get "three for twenty-five." The defendant responded he could provide the undercover officer with three for twenty-seven. The officer then handed the defendant $27, and in

exchange the defendant handed the officer three clear ziplock bags, each containing a quantity of crack cocaine.

Argument

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**-- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  In this case, the government intends to use evidence of the 1998 and 2004 incidents to show the defendant's intent, knowledge and absence of mistake.

The Court of Appeals has held that the above rule is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character." United States v. Linares, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted).  Determining the admissibility of prior crimes or bad acts is a two-step process. First, the Court determines whether the other crime or act is relevant and, if so, whether it is relevant to something other than the defendant's character or propensity. United States v. Bowie, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000).  If

5

the Court finds the evidence to be properly relevant, it then
goes on to determine whether the evidence should nonetheless be
excluded under other rules of evidence, such as rule 403.  Id.

_____ Here, the government will not be offering the evidence to
prove the defendant's character, but to show that on November 12,
2005, he knew what marijuana and crack cocaine were, knew that
marijuana and crack cocaine were present in the bedroom with him,
and knew how to distribute both marijuana and crack cocaine.

The caselaw in this Circuit is very supportive of admitting
prior drug activity in a drug prosecution.  In United States v.
Watson, 335 U.S. App. D.C. 232, 171 F.3d 695 (1999), the Court of
Appeals acknowledged that prior acts of drug trafficking are
relevant, under rule 404(b), to show the defendant knew how to
sell drugs.  Id. at 240, 171 F.3d at 239.  Similarly, in United
States v. Washington, 297 U.S. App. D.C. 73, 969 F.2d 1073
(1992), cert. denied, 507 U.S. 922 (1993), the Court of Appeals
upheld the admission of the defendant's act of selling drugs that
preceded the charged offense of distribution, because it was
"probative of intent, knowledge and plan on the part of
Washington."  Id. at 81, 969 F.2d at 1081.

United States v. Burch, 332 U.S. App. D.C. 287, 156 F.3d
1315 (1998), cert. denied, 526 U.S. 1011 (1999), is particularly
instructive.  In Burch, the trial court admitted evidence of the
defendant's prior drug conviction, under rule 404(b), in part

because the prior conviction involved the same drug, and the
Court of Appeals affirmed.  Id. at 296, 156 F.3d at 1324.  In
this case, the defendant's 1998 and 1999 drug activities involved
the same drug as that charged in count 2 of the indictment
(marijuana), while the defendant's 2004 drug activity involved
the same drug as that charged in count 1 (crack cocaine).

Finally, as the Court of Appeals held in its en banc
decision in United States v. Crowder, 329 U.S. App. D.C. 418, 141
F.3d 1202 (1998) (Crowder II), cert. denied, 525 U.S. 1149
(1999), and 528 U.S. 1140 (2000), evidence of a defendant's prior
drug activity is relevant to show that he has "knowledge of the
substance within his possession."  Id. at 424, 141 F.3d at 1208
(internal quotation marks omitted).  As the Court explained
further in a footnote:  "A defendant's hands-on experience in the
drug trade cannot alone prove that he possessed drugs on any
given occasion.  But it can show he knew how to get drugs, what
they looked like, where to sell them, and so forth."  Id. at 424
n. 5, 141 F.3d at 1208 n.5.

As for rule 403,[4] that rule tilts in favor of admission in
close cases, even when rule 404(b) evidence is involved, and the

_____

[4]Rule 403 states:  "Although relevant, evidence may be
excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of unde dely, waste of
time, or needless presentation of cumulative evidence."  Fed. R.
Evid. 403.

balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged."  United States v. Cassell, 352 U.S. App. D.C. 84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted).  In this case, as stated above, there is a close relationship given the common drugs involved.  In addition, when the purpose of disputed evidence is to show state of mind, as in this case, probative value is high.  See id. at 92, 292 F.3d at 796.

Conclusion

The defendant's prior acts of possession with intent to distribute marijuana, distribution of marijuana, and possession with intent to distribute crack cocaine are admissible in the government's case-in-chief to show intent, knowledge and absence of mistake.  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


by:    _____
       Michael C. Liebman
       Assistant United States Attorney
       D.C. Bar No. 479562
       555 Fourth Street, N.W., room 4231
       Washington, D.C.  20530
       353-2385
       michael.liebman@usdoj.gov