```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA        :   No. 1:05-cr-440-JR
                                :
        v.                      :
                                :
KEVIN L. ELLIS,                 :
        Defendant               :
```

Government's Motion To Permit Impeachment of Defendant With
<u>Evidence of Prior Conviction</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit impeachment of the defendant with evidence of his prior conviction for attempted aggravated assault, if he chooses to testify at trial in the above matter, pursuant to Rule 609 of the Federal Rules of Evidence.

<u>Background</u>

Defendant Kevin L. Ellis has been charged in a two-count indictment with possession with intent to distribute 50 grams or more of cocaine base, and possession with intent to distribute marijuana.  The indictment alleges that the offenses occurred on or about November 12, 2005.  The defendant has pled not guilty.

On February 23, 2001, he was convicted of attempted aggravated assault, in violation of D.C. Code § 22-504.1 (1981 ed., as added in 1994).  The conviction was pursuant to a guilty plea and related to an incident that took place on July 6, 1998.  The maximum penalty for the offense of attempted aggravated assault, under D.C. law, is 5 years in prison and a fine of

$5000.  See D.C. Code § 22-504.1(c) (1981 ed., as added in 1994) (now codified at D.C. Code § 22-404.01(c) (2001 ed.)).  The defendant received a sentence of 15 to 45 months, and was ordered to pay costs of $100.  (United States of America v. Kevin Ellis, 1999-FEL-7596 (D.C. Super. Ct.)).  He was incarcerated on this offense until December 1, 2003, when he was released on parole.

## Argument

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying.  Fed. R. Evid. 609(b).

The defendant's 2001 attempted aggravated assault conviction easily meets the rule's general timing requirement.  In addition, as set out above, the maximum penalty of 5 years in prison satisfies the rule's requirement that the conviction be for a crime punishable by at least one year in prison.

As for probative value and prejudicial effect, the Court of Appeals in <u>United States v. Jackson</u>, 201 U.S. App. D.C. 212, 627 F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider when determining the admissibility of a prior conviction for impeachment of a criminal defendant: the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case.  <u>Id.</u> at 223, 627 F.2d at 1209.

In this case, on balance, these factors weigh in favor of admissibility under rule 609.  First, the government concedes that the nature of the prior conviction in this case, attempted aggravated assault, militates against admission under rule 609 because attempted aggravated assault is not a crime associated with lack of credibility.  The remaining four factors, however, cut in favor of admissibility.

The second factor, the timing of the conviction, supports admission because of the relative recency of the defendant's release from incarceration for the prior conviction (December 1, 2003).

The third factor supports admission because the prior conviction is completely distinct from the charges in the pending indictment, and thus there is little risk that the jury will

improperly conclude the defendant committed the drug offenses simply because he has a prior felony conviction.

As for the importance of the defendant's testimony and the degree to which his credibility is central, the final two <u>Jackson</u> factors, this case is likely to come down to whether the jury believes the defendant constructively possessed the crack cocaine and marijuana.  The government anticipates offering statements the defendant made to the police on the night of his arrest in which he admitted the drugs were his.  If the defendant were to testify and deny making or recant these admissions, in weighing whether to credit his denial/recantation the jury should also be permitted to consider that the defendant has a prior conviction.  Thus, the fourth and fifth <u>Jackson</u> factors--the importance of the defendant's testimony and the degree to which his credibility is central--also weigh in favor of admitting the prior conviction for impeachment purposes.

## <u>Conclusion</u>

Accordingly, with four out of five <u>Jackson</u> factors weighing in favor of admissibility, the Court should permit the government to impeach the defendant with evidence of his prior conviction. A proposed order is attached.

```
                    Respectfully submitted,
                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY

                            /s/
     by:     _____
             Michael C. Liebman
             Assistant United States Attorney
             D.C. Bar No. 479562
             555 Fourth Street, N.W., room 4231
             Washington, D.C.  20530
             353-2385
             michael.liebman@usdoj.gov
```