IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 05-440 (JR) |
| v.    ) | |
| ) | |
| KEVIN ELLIS    ) | |
| ) | |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO USE DEFENDANT'S PRIOR CONVICTION FOR IMPEACHMENT

Mr. Kevin Ellis, through undersigned counsel, respectfully opposes the Government's motion, pursuant to Federal Rule of Evidence 609, to use a prior conviction to impeach Mr. Ellis should he choose to testify at trial.

### BACKGROUND[1]

Mr. Ellis was charged, in a two-count indictment filed December 8, 2005, with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base and Unlawful Possession with Intent to Distribute Cannabis, both in violation of 21 U.S.C. § 841(a)(1).

According to the law enforcement reports filed in this case, on November 12, 2005, MPD Officers Austin and Delaney were on patrol and received a radio run for "disorderly" at 1705 Benning Road, N.E., #C13 in Washington, D.C. The radio run indicates that the officers were informed that a woman called the police and said that her friend, who was in her home, had drugs and a gun in his white Cadillac, which she stated was parked outside the home. The Officers went to the home, but the did not see a white Cadillac. Nevertheless, they proceeded straight inside to the rear bedroom, where they found Mr. Ellis. They claim that as Mr. Ellis

---

[1] This statement of the facts is a summary based on the documents provided as discovery in this case. By including in this motion the facts as alleged by government witnesses, Mr. Ellis does not in any way concede that these facts are accurate or true.

complied with their request to leave the room, they saw a bag containing a green leafy substance. The officers arrested Mr. Ellis. After his arrest, they looked inside a closed dresser drawer and found cocaine base underneath some socks.

## ARGUMENT

Although FED. R. EVID. 609(a)(1) permits the use of prior felony convictions for the purpose of attacking the credibility of a witness, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike FED. R. EVID. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect. This is significant, for the D.C. Circuit has held that even if a prior conviction has some probative value, it "should not be automatically admitted into evidence." United States v. Lipscomb, 702 F.2d 1049, 1057 (D.C. Cir. 1983). The Court in Lipscomb emphasized that "evidence that a witness is a convicted criminal can [] seriously prejudice the defense, especially when the witness is the defendant himself." Id. at 1062. It recognized that the prejudice that stems from the admission of prior convictions is lasting and irreversible, and that the prejudice is not overcome by a limiting instruction to the jury. Id. ("The naive assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be an unmitigated fiction") (quoting Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring) (citations omitted)).

In determining whether to admit a prior conviction, "there can be no legal presumption of admissibility." Id. at 1063. Quite to the contrary, "the burden is on the government to show that the probative value of a conviction outweighs its prejudicial effect to the defendant." Id. The government has failed to meet its burden in this case. Up front, the government has conceded

that the conduct involved in Mr. Ellis's aggravated assault charge has no bearing whatsoever on the conduct in this case, and that this would mitigate against admissibility. Indeed, in <u>United States v. Jackson</u>, 627 F.2d 1198, 1210 (D.C. Cir. 1980), the court stated that "the fact that [a defendant's] earlier crime was one of violence may rank it comparatively low on the scale of veracity-related crimes and comparatively high on the scale of potential prejudice. . . ." Whatever minimal amount of probative value the prior conviction may have is soundly outweighed by the extreme prejudice that will result when a jury hears that Mr. Ellis was previously convicted of a crime of violence.

     The government goes on to argue that the fact that the prior conviction is "relatively recent" weighs in favor of admissibility. However, though it is true that Mr. Ellis was released from prison in 2003, he was actually convicted in 2001, and the underlying conduct occurred in 1998. So, while the government will have the court believe that this offense is only three years old, the conduct at issue actually occurred almost nine years ago. Though technically the ten-year clock begins running at the time of conviction or at the time of release from prison, in actuality, this offense is closer to ten years than the records reflect, and it therefore loses even more probative value.

     As for the importance of Mr. Ellis's testimony, this could be central to the case and therefore it would be extremely prejudicial to taint it with a prior conviction. As the court in <u>Jackson</u> stated, when a defendant's personal testimony is important in "demonstrating the validity of that defense," this weighs against admissibility of prior convictions. <u>Jackson</u>, 627 F.2d at 1209-10. The same argument applies for Mr. Ellis's credibility, for if he chooses to testify, much will rest on whether he is believed, and he will be irreparably prejudiced by the admission of his very old, very dissimilar prior conviction.

The government has set forth no specific facts indicating that the prior conviction is particularly probative in the present case. Whatever probative value Mr. Ellis's prior conviction might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law. Lipscomb at 1071. The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated. Informing the jurors of the nature of the prior convictions would significantly prejudice Mr. Ellis because there is a significant risk that the jury may infer from the fact of prior convictions that Mr. Ellis committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

## CONCLUSION

For the foregoing reasons, Mr. Ellis respectfully moves this honorable court to exclude the use of the evidence of the prior conviction proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

RITA B. BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500